UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3725 PSG (VBKx) | Date | May 2, 2012 |
|---|---|---|---|
| Title | Eleanor Friend v. Fernando Budnik, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order REMANDING case to state court**


On April 30, 2012 Defendant Fernando Budnik ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Eleanor Friend, Trustee of the Eleanor Friend Family Trust ("Plaintiff").  *See* Dkt #1.  After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992).  If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *Id.* at 567.  Furthermore, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under § 28 U.S.C. 1331 to exist.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, the complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

Case 2:12-cv-03725-PSG-VBK   Document 7   Filed 05/02/12   Page 2 of 3   Page ID #:112

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-3725 PSG (VBKx) | Date | May 2, 2012 |
|----------|------------------------|------|-------------|
| Title | Eleanor Friend v. Fernando Budnik, *et al.* | | |

Defendant's notice of removal argues federal question jurisdiction is established in light of alleged due process violations caused by Plaintiff's improper service of summons and complaint and the state court's failure to sustain Defendant's motion to quash. *Not.* 2:9-21. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Further, there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000.00 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendant's notice of removal does not mention diversity jurisdiction or set forth the citizenship of the Parties. In any event, the unlawful detainer complaint seeks only damages in the amount of $80.00 per day from March 15, 2012 until entry of judgment. As of the date of this Order, Plaintiff thus seeks only $4,000.00 in damages and it would take over two and a half years for the amount in controversy requirement to be met.

Defendant's notice of removal alleges removal jurisdiction based on 28 § U.S.C. 1441. *See Not.* 1:21. Under Section 1441, a party may remove an action to the district court embracing the state court where the action is currently pending if the district court would also have original jurisdiction. *See* 28 U.S.C. § 1441(a). Since Defendant has failed to provide a sufficient basis for original federal jurisdiction, the action cannot properly be removed under Section 1441.

Finally, Defendant also argues that removal is proper under 28 U.S.C. § 1443. *See Not.* 2:17-3:5. To establish removal under this statute, a defendant's notice of removal must (1) assert a right under a federal law protecting civil rights stated in terms of racial equality and (2) identify a state statute or constitutional provision that purported to command the state courts to ignore the enforcement of the specified federal right in state courts. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1996). Defendant's jurisdictional averments rest solely on the state court's refusal to sustain his motion to quash service of summons and complaint based on Plaintiff's failure to timely oppose the motion. Accordingly, Defendant has not made the requisite showing under 28 U.S.C. § 1443.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case. The Court declines to award attorney fees.

---

CV-90 (06/04)                                   **CIVIL MINUTES - GENERAL**                                   Page 2 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3725 PSG (VBKx) | Date | May 2, 2012 |
|----------|----------------------|------|-------------|
| Title | Eleanor Friend v. Fernando Budnik, *et al.* | | |

**IT IS SO ORDERED.**